| 48 | 351 |
|----|-----|
| 127a | 498 |

</div>

JOHN L. JEROME, RESPONDENT, *v.* WILBUR W. FLAGG, APPELLANT.

*Order for the publication of a summons — when a statement in an affidavit of the plaintiff's attorney, "that said defendant cannot with due diligence be served personally within the State," will be regarded as a statement of fact tending to show that due diligence has been used.*

APPEAL from an order made at the Westchester Special Term denying a motion to vacate an order for the service of a summons by publication, based upon the ground that the affidavit was insufficient.

The court at General Term said: "The proof was clear and conclusive that the defendant was a resident of Denver, and absolutely located there, and hence no amount of diligence would avail to effect a personal service in this State. The case of *Kennedy* v. *The New York Insurance and Trust Company* (101 N. Y., 487) is decisive of the question raised here. The expression in the affidavit of plaintiff's attorney 'that said defendant cannot with due diligence be served personally within the State,' must be regarded not solely as a conclusion of law, but as a statement of fact tending to show that due diligence had been used. Such was the construction put upon a like statement in the *Kennedy Case* (*supra*).

"There is no other point that requires discussion. The order must be affirmed, with costs."

*George P. Gordel*, for the appellant.

*James T. Sanders*, for the respondent.

Opinion by PRATT, J.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.